**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WINSOME PACKER, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES COMMISSION ON | )   No.  11-cv-0485 (RMC) |
| SECURITY AND COOPERATION IN EUROPE, | ) |
| *ET AL.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**ANSWER OF DEFENDANT COMMISSION ON SECURITY AND COOPERATION IN
EUROPE TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND MONETARY
RELIEF AND JURY DEMAND**

Defendant, the Commission on Security and Cooperation in Europe ("the Helsinki

Commission" or "the Commission"), by its undersigned counsel hereby answers the allegations

contained in Plaintiff's Complaint in the above-captioned matter.

**Preliminary Statement**

1.  Plaintiff's allegations in paragraph one are legal conclusions and do not require a

response from Defendant.  To the extent a response is deemed required, Defendant

admits that the Complaint purports to be a civil action against the named Defendants, but

denies that Plaintiff suffered any injuries as alleged, denies that the cited statutory

provisions have been violated, denies that the United States Constitution has been

1

violated, denies that Plaintiff was sexually harassed or retaliated against, and otherwise denies the allegations contained in this paragraph.

2.  Defendant denies the allegations of the first sentence of paragraph two, except Defendant admits that Plaintiff served as the Representative of the Commission to the United States Mission to the Organization for Security and Cooperation in Europe.  Defendant denies the allegations of the second sentence, except admits that Plaintiff did mention to Mr. Turner that she believed Mr. Hastings had engaged in conduct which she found to be inappropriate; however, Defendant denies that she did so "repeatedly" during the dates identified in paragraph two.  Defendant denies the allegations of the third sentence. Answering the fourth sentence, Defendant acknowledges that Plaintiff represented herself as a Republican at that time and that the Chair and Co-Chair at the time were Democrats. Defendant denies all other allegations of the fourth sentence.  Defendant denies the allegations of the fifth sentence and avers that Plaintiff remains employed by the Commission since her hiring in May 2007.

## Jurisdiction and Venue

3.  Defendant does not contest jurisdiction.  *See* 22 U.S.C. §3008(d).

4.  Defendant does not contest venue; however, Defendant denies that the events and/or omissions alleged in the Complaint occurred as alleged by Plaintiff.

## Parties

5.  Defendant admits the first and second sentences of paragraph five.  Defendant does not contest Plaintiff's status as a covered employee.  *See* 22 U.S.C. §3008(d).

6.  Defendant does not contest its status as an employing office.  *See* 22 U.S.C. §3008(d).

7.  Defendant admits the allegations of paragraph seven, except denies that Plaintiff has correctly stated Representative Hastings' address or has correctly stated the dates of the 110th and 111th Congresses.

8.  Defendant admits the allegations of the first sentence of paragraph eight.  Defendant admits the allegations of the second sentence, except denies any suggestion that Mr. Turner had the authority to terminate Plaintiff's employment.  22 U.S.C. § 3008(b)(2).

### Factual Allegations

9.  The self-serving terms "highly educated," "experienced professional," "dedicated," and "policy work" in the first sentence of paragraph nine are undefined and, on that basis, Defendant is unable to admit or deny those allegations.  Answering the second sentence, Defendant admits that Plaintiff's resume appears to reflect the educational background identified in the second sentence.  Answering the third sentence, Defendant admits that Plaintiff held several positions with the House of Representatives, including the two she chose to identify in paragraph nine of her Complaint, but is unable to admit or deny whether that experience is "extensive" because that term is undefined.  Answering the fourth sentence, Defendant admits that Plaintiff's resume appears to reflect that she served as a delegate to the United Nations Commission on the Status of Women and that she worked for The Heritage Foundation and The International Republican Institute, among other prior employers.  Defendant is otherwise unable to respond to the allegation in the fourth sentence regarding "her many other professional accomplishments" because that phrase is undefined.

10.  Defendant admits the allegations in the first sentence of paragraph ten, except Defendant notes that Plaintiff's resume reflects that she worked for the Homeland Security

Committee from "2003-2007" (not "[f]rom 2003 through December 2006" as alleged) and identifies her position there as "Professional Staff Member" (not "Republican Professional Staff Member" as alleged).  Defendant admits the allegations in the second and third sentences.  Defendant is without sufficient information or knowledge to form a belief as to the truth of, and on that basis denies, the remaining allegations of paragraph ten.

11.  Defendant is without sufficient information or knowledge to form a belief as to the truth of, and on that basis denies, the allegations in the first sentence of paragraph eleven that the meeting took place in March 2007 or that Plaintiff was walking down C Street, S.W. Defendant admits the remaining allegations of the first sentence, and admits the allegations of the second and third sentences.  Defendant is without sufficient information or knowledge to form a belief as to the truth of, and on that basis denies, the allegations of the fourth and fifth sentences.

12. Defendant is without sufficient information or knowledge to form a belief as to the truth of, and on that basis denies, the allegations of paragraph twelve, except to admit that Representative Hastings is a Democrat, that Plaintiff did write a letter, dated April 22, 2007, to Representative Hastings and Senator Cardin expressing a "strong interest" in working for the Commission, touting her accomplishments and stating that she "look[ed] forward to hearing from" them.  Defendant also admits that Plaintiff provided the Commission with a copy of her resume, but denies that the resume "clearly indicated" an exclusive political affiliation with the Republican Party.  Defendant further admits that Plaintiff represented herself to be a Republican.

13. Defendant is without sufficient information or knowledge to form a belief as to the truth of, and on that basis denies, the allegations in paragraph thirteen, except that Defendant admits that, at some point, Representative Hastings indicated that he felt it was important that the Commission employ some African-American employees.

14. Defendant admits the allegations of the first, second and third sentences of paragraph fourteen.  Defendant denies the allegations of the fourth sentence.  Defendant denies the allegations of the fifth and sixth sentences as stated.  Defendant is without sufficient information or knowledge to form a belief as to the truth of, and on that basis denies, the remaining allegations of paragraph fourteen, except Defendant denies any suggestion that Plaintiff was "more vulnerable" in her position than any other staff member of the Commission.

15. Defendant denies the allegations of the first sentence of paragraph fifteen as stated. Further answering the first sentence, Defendant admits that, on or about December 2007, Mr. Turner discussed with Plaintiff the possibility of her serving as the Commission's Representative to the U.S. Mission to the Organization for Security and Cooperation in Europe.  The terms "many" and "most" in the second sentence are vague and undefined and Defendant is therefore without sufficient information or knowledge to form a belief as to the truth of, and on that basis denies, the allegations of the second sentence, except to admit that the position was posted in Vienna, Austria.  Defendant denies the allegations of the third sentence.  Answering the fourth sentence, Defendant is without sufficient knowledge or information to form a belief as to the truth of, and thus denies, the allegations regarding whether Plaintiff was flattered and/or had reservations. Defendant denies that Plaintiff expressed reservations at the meeting and denies the

remaining allegations of the fourth sentence.  Defendant denies the allegations of the fifth

and sixth sentences as stated.  Answering the fifth and sixth sentences further, Defendant

avers that Mr. Turner wanted Plaintiff to accept the position and made clear to her that if,

after trying it out, she decided she wanted to return to the United States, she would be

permitted to do so.

16. Defendant admits the allegations of the first sentence of paragraph sixteen.  Defendant is

without sufficient knowledge or information to form a belief as to the truth of, and on that

basis denies, the allegations in the second, third and fourth sentences.  Defendant denies

the allegations in the fifth sentence.  Defendant is without sufficient knowledge or

information to form a belief as to whether Plaintiff was extremely uncomfortable, as

alleged in the sixth sentence and, on that basis, denies that allegation.  Defendant denies

the remaining allegations of the sixth sentence, except admits that in January 2008, Mr.

Hastings was the Chairman of the Commission.  Defendant is without sufficient

knowledge or information to form a belief as to whether Plaintiff wished to avoid

upsetting Representative Hastings, as alleged in the seventh sentence and, on that basis

denies that allegation.  Defendant denies the remaining allegations of the seventh

sentence.

17. Defendant denies the allegation in the first sentence of paragraph seventeen that

Representative Hastings made "advances."  Defendant is without sufficient knowledge or

information to form a belief as to the truth of, and on that basis denies, the remaining

allegations of paragraph seventeen.

18. Defendant is without sufficient knowledge or information to form a belief as to the truth

of, and on that basis denies, the allegations in the first sentence of paragraph eighteen.

Defendant denies the allegations in the second sentence.  Defendant denies the allegation in the third sentence that Mr. Hastings commented or implied that he was pursuing a romantic relationship with Plaintiff.  Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the remaining allegations in the third sentence.  Defendant is without sufficient information or knowledge to form a belief as to the truth of, and on that basis denies, the remaining allegations of paragraph eighteen, except Defendant denies that Representative Hastings expressed any interest in a romantic relationship with Plaintiff.

19.  Defendant admits the allegation in the first sentence of paragraph nineteen that Plaintiff moved to Vienna on or around February 15, 2008, but is without sufficient knowledge or information to form a belief as to the truth of the allegation that she "immediately" began working.  Defendant admits the allegation in the second sentence, but clarifies that Plaintiff's annual salary was $80,000 from May 2007 until May 2008.  Answering the third sentence of paragraph nineteen, Defendant admits that Plaintiff received a per diem, but denies that the per diem is income or that it functioned as a blanket salary supplement as appears to be alleged in paragraph nineteen.

20. Defendant admits the allegations in the first sentence of paragraph twenty.  Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegations in the second sentence.  Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegations in the third sentence, except that Defendant admits that Mr. Hastings had purchased gifts for staff members while in the Czech Republic and that one of those gifts was a music box which he gave to Plaintiff.  Defendant denies the allegations of the

fourth sentence.  Defendant denies the allegations of the fifth sentence, except that Defendant is without sufficient knowledge or information to form a belief as to the truth of, and thus denies, the allegation that Plaintiff was embarrassed.  Defendant further denies that Representative Hastings pursued Plaintiff romantically or that he had attempted to initiate a romantic relationship with her.  Defendant admits the allegations of the sixth sentence, except that Defendant is without sufficient knowledge or information to form a belief as to the truth of, and thus denies, that Plaintiff conveyed to Ms. Thompson that the public nature of the gift giving made her uncomfortable.

21. Defendant denies the allegations of paragraph twenty-one, except Defendant is without sufficient knowledge or information to form a belief as to the truth of, and thus denies the allegation that Representative Hastings asked Plaintiff to get some ice and the allegation that Plaintiff was upset.  Defendant denies that Representative Hastings pursued a romantic relationship with Plaintiff and denies that Representative Hastings made advances towards Plaintiff in professional settings or otherwise.

22. Defendant denies the allegations of paragraph twenty-two, except admits that Mr. Turner traveled to Vienna in February 2008.  Defendant denies that Plaintiff made any comment to Mr. Turner on this trip regarding any alleged discomfort regarding Representative Hastings, or that Mr. Turner ever asked Plaintiff if she had a romantic relationship with Representative Hastings.  Answering further, Defendant avers that Plaintiff had suggested to a number of individuals that they should visit her apartment when they were traveling to Vienna; that, at one point on or about the Spring of 2008, Plaintiff told Mr. Turner that Representative Hastings had mentioned that he wanted to see her apartment as well and she said that made her uncomfortable; and that Mr. Turner responded to Plaintiff that it

was typical for Representative Hastings to look after or inquire of staff in such a manner, but that if it made her uncomfortable and he did so again, that Plaintiff should let Mr. Turner know.

23.  Defendant denies the allegations of paragraph twenty-three.  Defendant notes that the fourth sentence is ambiguous.  Defendant denies any implication that Representative Hastings made inappropriate telephone calls to any Commission staff member.

24. Answering the first, second, and third sentences of paragraph twenty-four, Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations; except that Defendant denies that Representative Hastings made advances towards Plaintiff.  Defendant denies the allegations of the fourth and fifth sentences.  Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegations of the sixth sentence, except Defendant admits that Plaintiff did not attend the Copenhagen meeting.

25. Defendant admits the allegations in the first sentence of paragraph twenty-five. Answering the second sentence, Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegation regarding whether this was the first time Plaintiff had been around Representative Hastings since February 2008.  Defendant denies the remaining allegations of the second sentence.  Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the remaining allegations of paragraph twenty-five, except that Defendant denies that Representative Hastings engaged in "intimate touching" or that he had made "romantic advances" or that Mr. Turner had been asked to or did "counsel" him during the time period referred to in paragraph twenty-five.

26. Defendant denies the allegations of the first sentence of paragraph twenty-six.  Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the remaining allegations of paragraph twenty-six, except that Defendant admits that, at some point, Representative Hastings and Plaintiff discussed difficulty sleeping and the effects of various activities on the ability to sleep, and that Representative Hastings may have made some comment similar to that alleged in the fourth sentence.  Defendant avers that Representative Hastings did not intend the conversation to be offensive.  Defendant denies that Representative Hastings had engaged in an "intimate hug" with or made "romantic advances" towards Plaintiff.

27. Defendant denies the allegations of the first and second sentences of paragraph twenty-seven.  Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegations of the third sentence.

28. Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegations of paragraph twenty-eight, except Defendant admits that there was a time in May 2008 when Representative Hastings, Plaintiff, Mr. Goldenberg, Mr. Johnson and Ms. Thompson were all together in the lounge area of the Marriott Hotel in Vienna; that, at that time, Mr. Goldenberg was Representative Hastings' Chief of Staff; that Mr. Johnson and Ms. Thompson were and are Commission staff members; and that, at some point, Representative Hastings may have said "she flatters me" in response to the suggestion that another employee had said that Plaintiff was Representative Hastings' girlfriend.  Defendant denies that a romantic relationship existed between Plaintiff and Representative Hastings, or that Representative Hastings commented or implied, or that his demeanor suggested, that such a relationship existed.

29.  Answering the first sentence of paragraph twenty-nine, Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegation that Representative Hastings "consumed more alcohol" that evening. Furthermore, the term "crude comments" in the first sentence is undefined and subjective and, on that basis, Defendant is unable to respond to that allegation.  Defendant is without sufficient information or knowledge to form a belief as to the truth of, and on that basis denies, the allegations of the second and third sentences, except that Defendant admits that a generic and non-specific statement regarding female Members of Congress may have been made.  Defendant denies the allegations of the fourth and fifth sentences and specifically denies that Representative Hastings asked Plaintiff a question regarding her underwear and denies that Ms. Thompson or Mr. Johnson heard such a question. Defendant is without sufficient information or knowledge to form a belief as to the truth of, and on that basis denies, the allegations of the sixth sentence, except Defendant denies that Representative Hastings asked Plaintiff the question alleged.  Answering the seventh sentence, Defendant denies that Plaintiff complained about "vulgar questioning" and is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the remaining allegations of the seventh sentence.

30. Defendant is without sufficient information or knowledge to form a belief as to the truth of, and on that basis denies, the allegations of paragraph thirty, except that Defendant denies the implication that Representative Hastings' alleged conduct was a sexual advance toward Plaintiff.

11

31. Defendant is without sufficient information or knowledge to form a belief as to the truth of, and on that basis denies, the allegations of paragraph thirty-one, except Defendant denies that Representative Hastings made sexual advances to Plaintiff.

32. The first sentence of paragraph thirty-two is redundant and duplicative of paragraph twenty-three and, by repeating the same allegation again later in the Complaint, appears intended to give the false impression that the alleged conduct was pervasive. Defendant responds to the first sentence by referring to and incorporating its response to paragraph twenty-three. Responding further, Defendant denies the allegations of paragraph thirty-two, except that Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegation regarding whether Plaintiff would often not answer her telephone and her reasons for such behavior.

33. Defendant admits the allegations of the first, third and fourth sentences of paragraph thirty-three, except avers that the Congressional delegation trip began in June 2008. Defendant is without sufficient information or knowledge to form a belief as to the truth of, and on that basis denies, the allegations of the second sentence.

34. Answering the first sentence of paragraph thirty-four, Defendant is without sufficient knowledge or information to form a belief as to whether Plaintiff experienced significant stress and anxiety, whether she was fearful, and the bases for any purported stress, anxiety or fear and, on that basis, denies those allegations. Defendant denies the remaining allegations of the first sentence. Answering the second sentence, Defendant is without sufficient information or knowledge to form a belief as to the truth of, and on that basis denies, the allegation that Plaintiff was upset; Defendant avers that Plaintiff did not express any reluctance to Mr. Turner. Defendant denies the remaining allegations of the

second sentence as stated.  Defendant admits the allegations of the third sentence, except denies the implication intended by the use of the word "nevertheless."

35.   Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegations of the first, second, third and fourth sentences of paragraph thirty-five, except that Defendant denies any implication in the fourth sentence that any alleged greeting by Representative Hastings was inappropriate. Answering the fifth sentence, Defendant denies the allegation that the greeting was unwelcome.  Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the remaining allegations of the fifth sentence. Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegations of the sixth and seventh sentences.  Defendant denies the remaining allegations of paragraph thirty-five.

36.  Defendant denies the allegations of the first sentence of paragraph thirty-six.  Defendant is without sufficient information or knowledge to form a belief as to the truth of, and on that basis denies, the allegations of the second and third sentences.  Defendant is without sufficient knowledge or information to form a belief regarding what Plaintiff perceived to have been "made clear" to her, and on that basis denies the allegations of the fourth sentence.   Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegations of the fifth sentence, except that Defendant denies the implication that Representative Hastings engaged in any conduct that would cause a reasonable person to believe that her career was in jeopardy or that she had "no other choice" but to purchase a gift for Representative Hastings.

37. Defendant is without sufficient information or knowledge to form a belief as to the truth of, and thus denies, the allegations of paragraph thirty-seven, except that Defendant denies that Representative Hastings had made "advances."

38. The first sentence of paragraph thirty-eight is redundant and duplicative of paragraphs twenty-three and thirty-two and, by repeating the same allegation over and over again, Plaintiff appears to be intending to give the false impression that the alleged conduct was pervasive.  Defendant responds to the first sentence by referring to and incorporating its response to paragraph twenty-three and paragraph thirty-two.  Defendant denies the allegations of the second sentence that Representative Hastings made "repeated sexual advances," that he made "continued telephone calls" and that Plaintiff made the request to return to Washington, D.C. during the time period identified in paragraph thirty-eight. Defendant denies the remaining allegations of the second sentence.  Defendant denies all allegations of the third sentence, except that Defendant is without sufficient knowledge or information to form a belief as to whether Plaintiff had become fearful, but Defendant denies that she had any reasonable basis for such fear.  Answering the fourth sentence, Defendant denies that Plaintiff told Mr. Turner that she wished to return to Washington, D.C. at that time.  Defendant admits that Plaintiff stated she felt she was marginalized and prevented from fully performing her duties by State Department officials.  Defendant denies any remaining allegations of the fourth sentence.  Defendant denies the allegations of the fifth sentence, except Defendant admits that Plaintiff expressed concern about feeling marginalized by State Department personnel (over whom the Commission had no control).  Defendant avers that any such marginalization had nothing to do with the actions of the Commission, Mr. Turner, or Representative Hastings, but may have been

14

partly attributable to Plaintiff's inappropriate, condescending and acerbic comments and statements to others, such as the comment Plaintiff made in writing to a colleague: "I think you are misunderstanding your place with me."  Defendant denies the allegations of the sixth sentence, except Defendant is without sufficient information or knowledge to form a belief as to the truth of, and thus denies, the allegation regarding Plaintiff's "hope."  Defendant denies the allegations of the seventh sentence.  Defendant avers that when Plaintiff did make her request to return to Washington, D.C., Mr. Turner agreed to the request and asked her to tell him what date she wanted to return.

39. Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegations of the first and second sentences of paragraph thirty-nine, except Defendant denies the allegation that Representative Hastings "insist[ed] on hugging" Plaintiff and the implication that there was something inappropriate about the greetings.  Defendant denies the allegations of the third and fourth sentences, except Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, whether Plaintiff was uncomfortable.  Defendant avers that Plaintiff had no reasonable basis for being uncomfortable.

40. Defendant admits the allegations of the first sentence of paragraph forty.  Defendant denies the allegations of the second sentence as stated.  *See* 22 U.S.C. §3008(b).

41. Defendant admits the allegations of the first sentence of paragraph forty-one, except Defendant denies that Plaintiff had ever agreed to try out the position for any specified period of time.  Defendant denies the allegations of the second sentence, except that Defendant is without sufficient knowledge or information to form a belief as to the truth

of, and on that basis denies, the allegation regarding what Plaintiff purportedly "wanted." Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegations of the third sentence, except Defendant admits that Mr. Turner had told Plaintiff that he would allow her to return home upon request. Defendant denies the allegations of the fourth and fifth sentences, except that Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegation that Plaintiff "continued to be concerned" but denies that there was any reasonable basis for such concern.  Defendant avers that Plaintiff had expressed concerns about alleged marginalization by State Department officials and refers to its response to paragraph thirty-eight.  Defendant further avers that Plaintiff's contemporaneous writing to Mr. Turner (an email she sent to Mr. Turner on January 29, 2009, in which she stated:  "Fred, thanks for your support and friendship.  You know, I love you. Winsome") is inconsistent with the implication of the allegations of the fifth sentence.  Defendant is without sufficient knowledge or information to form a belief as to the truth of, and thus denies, the allegations of the sixth sentence, except Defendant admits that Representative Hastings returned a campaign contribution made to him by Plaintiff and referred the matter to the Federal Election Commission, which found no basis for investigation under the Federal Election Campaign Act.

42. Defendant admits the allegations of the first sentence of paragraph forty-two, except Defendant avers that Representative Hastings, Mr. Turner, and Plaintiff were not the only attendees.  Defendant admits the allegations of the second sentence, except that Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, whether the trip to Sintra occurred on the first day of the

16

meeting.  Answering further, Defendant avers that Plaintiff, Mr. Turner, and
Representative Hastings were not the only individuals on the trip to Sintra.  Answering
the third sentence, Defendant denies that Plaintiff and Mr. Turner immediately separated
to look around town on their own; Defendant avers that Plaintiff and Mr. Turner walked
around together at first.  Defendant is without sufficient information or knowledge to
form a belief as to the truth of, and thus denies, the remaining allegations of the third
sentence.  Defendant is without sufficient knowledge or information to form a belief as to
the truth of, and on that basis denies, the allegations of the fourth, fifth and sixth
sentences, except that Defendant denies any implication that Representative Hastings'
alleged statements were of a sexual or romantic nature or that Representative Hastings
was "clearly inebriated."  Defendant denies the allegations of the seventh sentence,
except that Defendant is without sufficient knowledge or information to form a belief as
to the truth of, and on that basis denies, the allegation that Plaintiff was upset.  Defendant
avers that Plaintiff had no reasonable basis to be upset.  Defendant is without sufficient
knowledge or information to form a belief as to the truth of, and on that basis denies, the
allegations of the eighth sentence as stated.

43.  Defendant denies the allegation in the first sentence of paragraph forty-three that
Representative Hastings was "awaiting her arrival."  Defendant is without sufficient
knowledge or information to form a belief as to the truth of, and on that basis denies, the
remaining allegations of the first sentence.  Defendant denies the allegation in the second
sentence that Representative Hastings had left the dinner upset.  Defendant is without
sufficient knowledge or information to form a belief as to the truth of, and on that basis

denies, the remaining allegations of the second sentence.  Defendant denies the remaining allegations of paragraph forty-three.

44. Defendant denies the allegations of the first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, and eleventh sentences of paragraph forty-four.  Defendant admits that Plaintiff may have made a statement similar to the one alleged in the tenth sentence (regarding calling her son) and states that it is without sufficient knowledge or information to form a belief as to the truth of, and thus denies, the allegation in the tenth sentence that Plaintiff was "nauseous" and "physically weak," and denies all other allegations of the tenth sentence.

45. Defendant denies the allegations of paragraph forty-five, except Defendant is without sufficient knowledge or information to form a belief as to the truth of, and thus denies, the allegation that Plaintiff was "devastated."  Defendant avers that Plaintiff had no reasonable basis to be devastated as alleged in paragraph forty-five.

46. Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegations of paragraph forty-six.  Defendant avers that its review of Commission records does not indicate that Plaintiff traveled from Vienna to Washington, D.C. in May 2009.  Defendant denies the allegation that Representative Hastings engaged in inappropriate conduct as implied by paragraph forty-six or that he threatened Plaintiff's job (implicitly or otherwise).  Defendant avers that Plaintiff had no reasonable basis to feel humiliated, to become upset, to suffer any "emotional distress," or to become "physically ill" as alleged in paragraph forty-six.

47. Defendant admits the allegations of the first sentence of paragraph forty-seven, except Defendant avers that Plaintiff and Representative Hastings were not the only individuals

attending the meeting in Vilnius, and Defendant further avers that the Vilnius trip began
in June 2009 and continued into July 2009.  Defendant is without sufficient knowledge or
information to form a belief as to the truth of, and on that basis denies, the allegations of
the second, third, fourth, fifth, sixth and seventh sentences, except Defendant denies any
implication that the greeting was inappropriate.  Defendant is without sufficient
knowledge or information to form a belief as to the truth of, and on that basis denies, the
allegations of the eighth sentence, except Defendant denies that any alleged touching was
unwelcome or that Plaintiff had any reasonable basis to experience emotional distress
based on the alleged touching.  Defendant denies the allegations of the ninth and tenth
sentences as stated.  Defendant is without sufficient knowledge or information to form a
belief as to the truth of, and on that basis denies, the allegations of the eleventh sentence,
except Defendant denies that Representative Hastings engaged in any sexual harassment
or that Plaintiff had any reasonable basis to be distressed by any conduct or statements of
Representative Hastings.

48.  Defendant denies the allegations of the first two clauses of the first sentence of
paragraph forty-eight as stated, and denies that Representative Hastings engaged in
inappropriate conduct as alleged.  Defendant is without sufficient information or
knowledge to form a belief as to the truth of, and on that basis denies, the remaining
allegations of paragraph forty-eight, except Defendant denies the allegations that
Representative Hastings engaged in sexual harassment.

49. Defendant is without sufficient knowledge or information to form a belief as to the truth
of, and on that basis denies, the allegations of paragraph forty-nine, except that Defendant
denies that Representative Hastings engaged in sexual advances or retaliation.  Defendant

19

avers that there was no reasonable basis for any fear of retaliation that Plaintiff may have had as alleged in paragraph forty-nine and that the high blood pressure, coronary artery disease, and/or other health problems Plaintiff may have experienced were not caused by any conduct or actions of Defendant, Representative Hastings or Fred Turner.

50.  Defendant denies the allegations of the first and second sentences of paragraph fifty. Defendant admits the allegations of the third sentence, but denies any implication that other Commission staff members also did not have similar duties.  Answering the fourth sentence, Defendant states that the phrase "[o]n a number of occasions" is vague and undefined and Defendant is therefore unable to respond to the allegations of the fourth sentence.  Answering further, Defendant avers that Plaintiff's position does not require knowledge of each and every meeting and each and every travel plan of each and every member of the Commission.  Defendant is without sufficient information or knowledge to form a belief as to the truth of, and on that basis denies, the allegations in the fifth sentence, except that Defendant denies that any action by Mr. Turner was the cause of any reputational harm that Plaintiff may have experienced or any inability to perform her duties.  Defendant denies the allegations of the sixth sentence as stated.  Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegations in the seventh and eighth sentences.  Defendant denies the allegations of the ninth sentence as stated, but Defendant admits that Mr. Turner had supported Plaintiff when she asserted that she was marginalized by the State Department personnel (over whom Defendant has no control) and, as reflected, *inter alia*, by Plaintiff's January 29, 2009 email to Mr. Turner.  *See* Defendant's response to paragraph forty-one.

51. Defendant denies the allegations of the first and second sentences of paragraph fifty-one,
except Defendant admits that Marlene Kaufmann is the Commission's General Counsel
and that Plaintiff and Ms. Kaufmann discussed Plaintiff's allegations in January 2010.
Defendant denies the allegations of the third sentence and avers that when Ms. Kaufman
and Plaintiff discussed Plaintiff's allegations against Representative Hastings in January
2010, Ms. Kaufman told Plaintiff she would investigate the allegations.

52. Defendant denies the allegations of paragraph fifty-two.  Defendant responds by quoting
from an email that Plaintiff sent to Mr. Turner on January 21, 2010 stating: "I would like
to ask you if you could allow me to return permanently to Washington in the next few
months.  I need to be in proximity to my US doctors to receive consistent medical
treatment."  Defendant further responds by quoting from an email Mr. Turner sent to
Winsome that same day stating: "Winsome, Hope you're resting comfortably and the
long weekend will do you some good.  I mentioned to Mr. Hastings that I was going to
call you to check-in and when I did, as you saw, he took the phone to chat himself.  In
any event, Mr. Hastings and I did chat about your circumstances and I will also chat with
Chairman Cardin.  I don't think there will be any problem with your request to return to
Washington permanently.  I'll look forward to discussing this with you when you're here
next week."

53. Defendant denies the allegations in the first sentence of paragraph fifty-three that
Representative Hastings engaged in alleged harassment, that Mr. Turner engaged in
alleged retaliation, that Ms. Kaufmann allegedly refused to help, and that her job was
threatened.  Defendant is without sufficient knowledge or information to form a belief as
to the truth of, and on that basis denies, the remaining allegations of paragraph fifty-three.

21

Defendant avers that any stress or high blood pressure Plaintiff experienced was not the result of any conduct of the Commission, Representative Hastings, Mr. Turner, or Ms. Kaufmann as alleged in paragraph fifty-three.

54. Answering the first sentence of paragraph fifty-four, Defendant admits that Plaintiff requested to travel to Ukraine to observe the presidential election.  Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegations of the second and third sentences.  Defendant admits the fourth sentence.

55. Defendant admits the allegations of the first sentence of paragraph fifty-five, but denies the implication that the safety reasons stated were not the true reasons.  Defendant admits the allegations of the second sentence.  Defendant denies the allegations of the third sentence, except admits that Plaintiff did speak to Orest Deychakiwsky who is a Commission staff member.  Answering the fourth sentence, Defendant admits that Plaintiff told Mr. Deychakiwsky of her allegations that Representative Hastings had engaged in sexual harassment.  Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegation that she told him of Mr. Turner's alleged retaliation.  Defendant denies that Representative Hastings or Mr. Turner engaged in the conduct alleged and denies the remaining allegations of the fourth sentence.  Defendant denies the fifth and sixth sentences as stated.  Defendant avers that Plaintiff did speak to Mr. Turner, that Mr. Turner agreed that she could travel to Odessa, and that Mr. Turner said he would handle letting Representative Hastings and Mr. Johnson know.  Answering the seventh sentence, Defendant admits that Plaintiff did travel to Odessa, but otherwise denies the allegations as stated.  Defendant is without

sufficient knowledge or information to form a belief as to the truth of, and on that basis

denies, the allegation that Plaintiff experienced stress.  Defendant avers that there was no

reasonable basis for Plaintiff to experience stress as alleged in paragraph fifty-five.

56. Defendant is without sufficient knowledge or information to form a belief as to the truth

of, and on that basis denies, the allegations of paragraph fifty-six, except Defendant

admits that Plaintiff did send emails to Mr. Turner and Ms. Kaufmann, that Mr. Turner

did respond to Plaintiff, that Carol Fuller was the Charge de Affaires for the U.S. Mission

to the OSCE, and that Carol Fuller advised Mr. Turner that Plaintiff had allegedly

fainted.  Defendant denies the allegations of sexual harassment and retaliation in the

seventh sentence.  Defendant further avers that any medical condition(s) or stress that

Plaintiff experienced were not the result of any action by the Commission, Representative

Hastings, Mr. Turner or Ms. Kaufmann.

57. Defendant denies the allegations of the first and second sentences of paragraph fifty-

seven as stated.  Defendant admits that, after Mr. Turner and Representative Hastings

learned from Carol Fuller that Plaintiff had allegedly fainted, they were concerned about

Plaintiff and, accordingly, Mr. Turner called Plaintiff and both he and Representative

Hastings spoke to Plaintiff to advise her of their concern about her health and to tell her

to focus on her health and not to worry about work.  Defendant is without sufficient

information or knowledge to form a belief as to the truth of, and on that basis denies, the

allegation in the third sentence that Plaintiff told Mr. Turner she was going to consult

with her doctors and Defendant denies the allegation that Plaintiff provided a date certain

when she would return to Washington, D.C.  Answering further, Defendant avers that, on

January 21, 2010, Plaintiff sent an email to Mr. Turner, in which she stated "I would like

to ask you if you could allow me to return permanently to Washington in the next few months." Answering the fourth sentence, Defendant admits that Mr. Turner agreed that Plaintiff could return, but denies that the July 31, 2010 date was discussed at that time, as Plaintiff had stated only that she wished to return "in the next few months," which phrase is non-specific and is also inconsistent with a July 31, 2010 return date which is more than five months later. Defendant denies the allegations of the fifth sentence and denies that Plaintiff raised any allegations of harassment during the phone call.

58. The allegations in paragraph fifty-eight are vague as to time and appear to compress several different conversations and meetings. Subject to the foregoing, Defendant responds as follows. Defendant denies the allegations of paragraph fifty-eight as stated. Defendant admits that Mr. Turner and Ms. Kaufmann first became aware that Plaintiff was making allegations of sexual harassment on or about January 2010, that Ms. Kaufmann discussed Plaintiff's allegations with Plaintiff, including on the phone on January 22, 2010, that Ms. Kaufmann and Mr. Turner discussed Plaintiff's allegations with Plaintiff on the phone on January 25, 2010, that Ms. Kaufmann discussed Plaintiff's allegations with Plaintiff again on January 28, 2010, and that Ms. Kaufmann and Mr. Turner met with Plaintiff in Washington, D.C. on February 4, 2010, to discuss her allegations. Defendant further admits that they told Plaintiff that they took her allegations seriously, that they told her that they looked into her allegations, that they told her that -- although Representative Hastings denied ever engaging in inappropriate behavior towards Plaintiff -- that he would have as little interaction with her as possible, and that that they told her she could return to Washington, D.C. Defendant denies that Representative Hastings had made any unwelcome advances.

59. The allegations of paragraph fifty-nine are vague as to time.  Subject to the foregoing, Defendant responds as follows.  Defendant admits the allegations in the first sentence that Plaintiff contacted Mr. Lynch on January 20, 2010, and admits that Mr. Lynch was and is the Chief of Staff for Senator Cardin's personal office.  Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegation regarding Plaintiff's ability to "trust."  Defendant denies the remaining allegations of the first sentence, and denies the implication in the last clause of the first sentence that there was a "harassment problem," the implication that Plaintiff had previously communicated her allegations to Mr. Turner, and the implication that Mr. Turner would not have taken those allegations seriously had Plaintiff previously brought them to his attention.  Defendant denies the allegations of the second sentence. Defendant admits the allegations of the third sentence, except denies that Representative Hastings had made advances or engaged in harassing conduct.  Defendant denies the remaining allegations of paragraph fifty-nine.

60. The allegations of paragraph sixty are vague as to time.  Subject to the foregoing, Defendant responds as follows.  Defendant denies the allegations of the first sentence of paragraph sixty, except admits that Ms. Kaufmann contacted Plaintiff on January 22, 2010, which was two days after Plaintiff had contacted Chris Lynch.  Defendant denies the allegations of the second sentence as stated, except Defendant admits that Ms. Kaufmann contacted Plaintiff to discuss her allegations, that Ms. Kaufmann conveyed this to Plaintiff, and that Ms. Kaufmann gathered information from Plaintiff regarding her allegations.  Defendant denies the remaining allegations of paragraph sixty as stated, and Defendant denies that Ms. Kaufmann was accusatory, that Ms. Kaufmann argued with

Plaintiff, or that Ms. Kaufmann was angry.  Defendant avers that Ms. Kaufmann and Plaintiff set up a subsequent telephone call to discuss the matter further.

61. The allegations in paragraph sixty-one are vague as to time and appear to compress several different conversations and meetings.  Subject to the foregoing, Defendant responds as follows.  Defendant states that Ms. Kaufmann, Mr. Turner and Plaintiff had a telephone conversation on January 25, 2010.  Defendant denies the remaining allegations of paragraph sixty-one as stated, and refers to and incorporates its response to paragraph fifty-eight.  Defendant denies that Representative Hastings had acted inappropriately towards Plaintiff.

62. Some of the allegations of paragraph sixty-two appear to be duplicative of allegations contained in paragraphs fifty-eight, sixty, and sixty-one and Defendant refers to and incorporates its responses to those paragraphs.  Answering further, Defendant admits the allegations of the first sentence, except denies the implication that Representative Hastings had engaged in any inappropriate conduct towards Plaintiff.  Defendant denies the second sentence as stated.  Defendant avers that Plaintiff -- who was then in the process of self-publishing and/or promoting (or would soon be promoting) her book "A Personal Agenda" (which involves allegations of sexual harassment involving an African-American Member of Congress) -- threatened to go to the press with the allegations she was making against Representative Hastings and to file a lawsuit, among other things.  Defendant admits that Mr. Turner suggested that the better way would be for her to allow the Commission to handle the matter now that Commission management had been made aware of her allegations.  Defendant denies the implication that Mr.

26

Turner told Plaintiff not to file a lawsuit or that he suggested that she would be retaliated against if she did so.  Defendant denies the remaining allegations of paragraph sixty-two.

63. Defendant responds to paragraph sixty-three by quoting, in its entirety, the February 25, 2010 email Ms. Kaufmann sent to Plaintiff:  "Hi Winsome, I hope you had a smooth flight back to Vienna.  I just wanted to confirm with you the conversation we had with Fred yesterday afternoon and ensure that we're all on the same page going forward.  Fred described his conversation with Mr. Hastings regarding the issues you had raised and indicated that, while Mr. Hastings said he had a different assessment of the situation, Mr. Hastings is sensitive to your concerns and will proceed accordingly.  Fred also indicated that both he and Mr. Hastings are satisfied with your job performance and support your decision to leave Vienna and resume your work full-time in Washington before the end of the year – most likely in July.  It is our hope and expectation that if you have any further concerns regarding the matters we discussed, or any other issues, you will contact us immediately."  To the extent Plaintiff's allegations in paragraph sixty-three are inconsistent with the February 5, 2010 email, the allegations are denied.

64. Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegations of paragraph sixty-four, except Defendant denies that sexual harassment or retaliation occurred or that Mr. Joseph told Mr. Lynch of any such allegations in July 2009.  Defendant further avers that Senator Cardin is committed to a harassment-free working environment and denies the implication in the fourth sentence that Senator Cardin would subjugate that commitment as the Complaint implies.

65. Defendant admits the first sentence of paragraph sixty-five.  Defendant is without
    sufficient knowledge or information to form a belief as to the truth of, and on that basis
    denies, the allegations of the second sentence, except Defendant denies that there was
    anything inappropriate about the greeting.  Defendant denies the remaining allegations of
    paragraph sixty-five as stated.

66. The first sentence of paragraph sixty-six is vague and ambiguous and Defendant is
    incapable of formulating a response.  To the extent a response is deemed required, the
    allegations of the first sentence are denied.  Defendant is without sufficient knowledge or
    information to form a belief as to the truth of, and on that basis denies, the allegations of
    the second, third and fourth sentences, except that Defendant denies the allegation that
    Representative Hastings "demanded" that Plaintiff do anything, and denies that
    Representative Hastings was attempting to create an impression of intimacy.  Defendant
    denies the first clause of the fifth sentence as stated.  Defendant denies the remaining
    allegations of the fifth sentence.  Defendant denies the remaining allegations of paragraph
    sixty-six, except Defendant states that it is without sufficient knowledge or information to
    form a belief as to the truth of, and on that basis denies, the final allegation that Plaintiff
    experienced extreme emotional distress.

67. Defendant admits the allegations of paragraph sixty-seven, except denies the allegation
    that Representative Hastings engaged in inappropriate behavior.

68. The allegations of paragraph sixty-eight are vague as to time.  Subject to the foregoing,
    Defendant responds as follows.  Defendant admits the allegations of the first sentence,
    except denies that Representative Hastings had engaged in sexual harassment or that
    Plaintiff initiated contact "the following week."  Defendant avers that Representative

28

Smith, who is the current Chairman of the Commission, was the ranking Republican member from the House of Representatives during the time period referred to in paragraph sixty-eight.  Defendant avers that the contact referred to in the first sentence occurred in January 2010.  Answering the second sentence, Defendant denies that Representative Hastings had engaged in harassment or that Plaintiff was suffering retaliation.  Defendant otherwise admits the allegations of the second sentence, except avers that Representative Smith's Chief of Staff is Mary McDermott Noonan, and that Plaintiff's purported explanation "in detail" referred to in the second sentence may have occurred in March 2010.  Defendant denies the allegations in the final sentence that Ms. Noonan "advised" Plaintiff, as Ms. Noonan made clear that she was not providing legal advice to Plaintiff.  Defendant admits that Ms. Noonan and Plaintiff discussed the Office of Compliance.  Answering further, Defendant avers that Ms. Noonan told Plaintiff that Representative Smith has zero tolerance for sexual harassment.

69. Defendant denies the allegations of the first sentence of paragraph sixty-nine, except Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, whether Plaintiff contacted the Office of Compliance from Vienna.  Plaintiff's statements in the second and third sentences of paragraph sixty-nine violate 2 U.S.C. §1416(a) and should be stricken.  *See Taylor v. Office of Rep. John J. Duncan, Jr.,* 2011 WL 826170 at *6 (E.D. Tenn. March 2, 2011). To the extent a response is nonetheless deemed required, Defendant is without sufficient information to form a belief as to the truth of, and thus denies, the remaining allegations of paragraph sixty-nine.

70. Defendant denies the allegations of the first sentence of paragraph seventy.  Defendant denies the allegations of the second and third sentences as stated.  Defendant denies the allegations in the fourth sentence as stated, and further denies that Plaintiff experienced any adverse consequences or that Mr. Turner threatened her with any adverse consequences. Defendant denies the allegations of the fifth sentence as stated.

71. Defendant denies that there was any retaliatory conduct as alleged in the first and second sentences of paragraph seventy-one.  Defendant admits that Plaintiff communicated concerns to Mr. Lynch about Mr. Turner's alleged conduct.  Defendant admits the allegations of the second sentence.   Defendant admits the allegations of the third sentence that the travel was approved.

72. Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegations in paragraph seventy-two.

73. Defendant admits the allegations of paragraph seventy-three.

74. Defendant denies the allegations of paragraph seventy-four.

75. Defendant admits the allegations of paragraph seventy-five.

76. Defendant admits the allegations of paragraph seventy-six.

## **COUNT ONE**

77. Defendant hereby refers to and incorporates its responses to paragraphs one through seventy-six above.

78. The allegations of paragraph seventy-eight contain legal conclusions which do not require a response.

79. The allegations of paragraph seventy-nine contain legal conclusions which do not require a response.  Defendant does not contest that Plaintiff was an "employee" within the meaning of the CAA.

80. Defendant denies the allegations of paragraph eighty.

81. Defendant denies the allegations of the first sentence of paragraph eighty-one.  Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegations of the second sentence.

82. Defendant denies the allegations of paragraph eighty-two.

## COUNT TWO

83. Defendant hereby refers to and incorporates its responses to paragraphs one through eighty-two above.

84. The allegations of paragraph eighty-four contain legal conclusions which do not require a response.

85. Defendant denies the allegations of paragraph eighty-five as stated.

86. Defendant denies the allegations of paragraph eighty-six.

87. Defendant denies the allegations of paragraph eighty-seven.

88. Defendant denies the allegations of the first sentence of paragraph eighty-eight. Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegations of the second sentence.

89. Defendant denies the allegations of paragraph eighty-nine.

## COUNTS THREE AND FOUR

90. -100. Paragraphs ninety through one hundred are claims brought exclusively against Defendants other than the Commission and therefore do not require a response from the

Commission.  To the extent a response is deemed required, the allegations in these paragraphs are denied.

## REQUESTED RELIEF

1. Defendant denies that Plaintiff is entitled to the judgment requested in paragraph one of the Prayer.

2. Defendant denies that Plaintiff is entitled to the judgment requested in paragraph two of the Prayer.

3. - 5. Paragraphs three, four, and five of the Prayer concern requests for judgment against Defendants other than the answering Defendant and, therefore, do not require a response from the Commission.  To the extent a response is deemed required, the allegations in these paragraphs are denied.

6. Defendant denies that Plaintiff is entitled to back pay.  Defendant further notes that Plaintiff's employment has not been terminated.

7. Defendant denies that Plaintiff is entitled to compensatory damages.

8. Defendant denies that Plaintiff is entitled to an award of punitive damages.

9. Defendant denies that Plaintiff is entitled to her attorneys' fees and costs.

10.  Defendant denies that Plaintiff is entitled to any other relief.

Any and all allegations not heretofore expressly admitted are denied.

## AFFIRMATIVE DEFENSES

By pleading the following as Affirmative Defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves its position that Plaintiff retains the burden of proof on all matters necessary to establish the claims asserted in the Complaint, including her alleged damages.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies on one or more allegations in her Complaint and they should be dismissed accordingly.

## THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are untimely.

## FOURTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff has failed to mitigate her alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

Defendant and its employees acted reasonably and in good faith at all times.

## SIXTH AFFIRMATIVE DEFENSE

Defendant took prompt, remedial, and corrective action after Plaintiff complained of alleged sexual harassment.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a prima facie case of sexual harassment or retaliation.

Defendant reserves the right to prepare and to present additional affirmative defenses and to supplement or amend Defendant's Answer.

Respectfully submitted,

By: _____/s/_____
    Gloria J. Lett D.C. Bar #293365
    Ann R. Rogers D.C. Bar # 441622
    Russell H. Gore D.C. Bar #449231
    Office of House Employment Counsel
    1036 Longworth House Office Building
    U.S. House of Representatives
    Washington, DC 20515
        (202) 225-7075

    Attorneys for the Defendant,
    The Commission on Security and Cooperation
    in Europe

Dated:  July 8, 2011