UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WINSOME PACKER,<br><br>               Plaintiff,<br><br>     v.<br><br>THE UNITED STATES COMMISSION ON SECURITY AND COOPERATION IN EUROPE,<br>ALCEE L. HASTINGS, and<br>FRED TURNER,<br><br>               Defendants. | Civil Action No. 11-cv-00485 (RMC) |

This matter is before the court on **Defendant Fred Turner's Motion to Dismiss Plaintiff's Complaint** [Docket No. 18; Filed July 8, 2011] and **Motion of Defendant Alcee L. Hastings to Dismiss Counts III and IV of Plaintiff's Complaint** [Docket No. 19; Filed July 9, 2011] (collectively, the "Motions").[1]  After receiving an extension of time, Plaintiff filed a single response in opposition to both Motions on August 12, 2011 [Docket No. 21].  Defendants filed separate replies on September 2, 2011 [Docket Nos. 22 & 23].  The Motions have been fully briefed and are ripe for resolution.  Having considered the relevant pleadings and applicable law,

IT IS HEREBY **ORDERED** that the Motions are **GRANTED** and Defendants Alcee L. Hastings and Fred Turner are **DISMISSED** as parties to this action.

---

[1] By agreement between District Judge Rosemary M. Collyer and District Judge Barbara J. Rothstein, W.D. Wash., sitting by designation, the Motions have been transferred to this court for resolution.  Unless otherwise notified, the matter remains assigned to Judge Collyer.

## I.  Background

Plaintiff is an employee of the United States Commission on Security and Cooperation in Europe (the "Commission").  On March 7, 2011, she filed the present lawsuit alleging that during her employment with the Commission, she was subjected to sexual harassment and later retaliated against because she complained about her treatment.  Specifically, Plaintiff contends that "from January 2008 through February 19, 2010, [she] was forced to endure unwelcome sexual advances, crude sexual comments, and unwelcome touching by [Defendant] Hastings."  *Complaint* [#1] at 2.  Defendant Hastings is a member of the United States House of Representatives from the state of Florida who, in that capacity, served as the Chairman of the Commission from January 2007 through at least January 2011.  *Id.* at 3.  Plaintiff alleges that when she complained about Defendant Hastings' conduct to her immediate supervisor and the Commission Staff Director, Defendant Turner, Defendants Hastings and Turner "began to retaliate against [her,] including making threats of termination . . . ."  *Id.* at 2.

Although there are several claims asserted exclusively against the Commission, the present Motions seek dismissal only of Claim III (Defendant Hastings) and Claim IV (Defendants Hastings and Turner).  Claim III alleges that Defendant Hastings engaged in sexual harassment in the workplace in violation of Plaintiff's Fifth Amendment equal protection rights.  *Id.* at 30-31.  Claim IV alleges that Defendants Hastings and Turner retaliated against Plaintiff in violation of her First and Fifth Amendment rights.  *Id.* at 31-32.  While the claims against the Commission are derived from the Congressional

Accountability Act ("CAA"), 2 U.S.C. § 1301 *et seq.*,[2] Claims III and IV are brought pursuant to *Bivens v. Six Unknown Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971) and are asserted on constitutional grounds against the individually-named Defendants in their individual capacities.

Defendants Hastings and Turner separately move to dismiss these claims. Both Defendants argue that the CAA precludes *Bivens* liability in the context of this action. *Turner's Motion* [#18] at 8-13, 16-21; *Hastings' Motion* [#19] at 19-38.[3] Plaintiff's combined opposition to the Motions is largely unresponsive to question of whether a *Bivens* remedy exists, except to raise a concern that the CAA is not applicable here and, therefore, a *Bivens* remedy should not be foreclosed. *See Opposition* [#21] at 3-5.

## II.  Standard of Review

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true. *In re Interbank Fund Corp. Sec. Litig.*, 668 F. Supp. 44, 47-48 (D.D.C. 2009) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Moreover, ambiguities must be resolved in favor of the plaintiffs, giving them the benefit of every reasonable inference drawn from the well-pleaded facts and allegations in his complaint. *See id*.

---

[2] The CAA was enacted by Congress to address, among other things, employment discrimination and retaliation allegations brought by congressional employees. *See* 2 U.S.C. §§ 1311, 1317. Employees of the Commission are treated as congressional employees for purposes of application of the Act. *See* 2 U.S.C. § 1301(3)(A), (B); 22 U.S.C. § 3008(d).

[3] In addition, Defendants argue that even if a *Bivens* remedy is available, Plaintiff's claims against them lack sufficient specificity to survive dismissal. The court need not reach this issue.

To survive a Rule 12(b)(6) motion, the complaint must plead sufficient facts, taken as true, to provide "plausible grounds" that discovery will reveal evidence to support the plaintiff's allegations. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Aschroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1940, 1949 (2009). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

### III. Analysis

Although Defendants advance several compelling arguments in support of their Motions, the dispositive question is whether Plaintiff has stated any compensable constitutional claims. A *Bivens* cause of action is a judicially created avenue for individuals to seek damages from federal officials for constitutional violations of civil rights. Recognized in 1971 as a way to redress alleged Fourth Amendment violations, *Bivens* has been extended to encompass other constitutional violations in only a discrete handful of instances since that time. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001) (noting that "[i]n 30 years of *Bivens* jurisprudence we have extended its holding only twice").

In determining whether a *Bivens* remedy exists, the court considers (1) whether Congress has precluded the remedy "by statutory language, by clear legislative history, or perhaps even by the statutory remedy itself"; or (2) "[i]n the absence of such a

congressional directive," whether there are "any special factors counseling hesitation before authorizing a new kind of federal litigation." *Bush v. Lucas*, 462 U.S. 367, 378 (1983); *see also Wilkie v. Robbins*, 551 U.S. 537, 550 (2007) (describing the first factor as "the question whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages"). Defendant Hastings contends that the CAA is the exclusive remedy to redress discrimination claims brought by Commission employees. In addition, both Defendants argue that special factors exist to prevent extension of *Bivens* to the present claims.

As a preliminary matter, the court addresses Plaintiff's contention that the availability of the CAA to challenge the sexual harassment/retaliation in question is disputed in this litigation. *Opposition* [#21] at 3. Apparently, this contention is based on a position taken by the Commission during the pre-litigation stage utilized to address Plaintiff's grievances. *See id.* at 4-5. Notably absent, however, is any assertion that the applicability of the CAA is actually at issue here. First, Plaintiff pleads her claims against the Commission pursuant to the CAA. It is disingenuous for her to question now whether the CAA applies. Second, and more importantly, the Commission concedes the application of the CAA in its Answer. *Commission's Answer* [#17] at 2 ("Defendant does not contest jurisdiction"; "Defendant does not contest Plaintiff's status as a covered employee"; "Defendant does not contest its status as an employing office"). Plaintiff's alleged concern that dismissal of her *Bivens* claims may eventually deprive her of any remedy is simply baseless.

Considering the relevant factors articulated in *Bush*, the court finds that the applicability of the CAA to the conduct at issue forecloses Plaintiff's *Bivens* claims under either consideration.

### A.     Exclusive Nature of the CAA

First, at least one court in this District has recognized that the CAA "provides the exclusive remedy by which legislative branch employees can bring a suit challenging employment discrimination." *Adams v. U.S. Capitol Police Bd.*, 564 F. Supp. 2d 37, 40 (D.D.C. 2008). Although arguably dicta, this statement is clearly supported by the language of the statute and the legislative history behind it. *See, e.g.*, 2 U.S.C. § 1361(d)(1) (prescribing that "no person may commence an administrative or judicial proceeding to seek a remedy for the rights and protections afforded by this [Act] except as provided in this [Act]"); H.R. Rep. No. 103-650, pt. 1 (1994) ("Congressional employees are prohibited from commencing judicial proceedings except as provided by this Act."); *see also Hastings' Motion* [#19] at 13-15 (compiling similar preclusive statements contained in legislative history of Act). The exclusive nature of the CAA is arguably dispositive.

### B.     Comprehensive Remedial Scheme

Second, as noted above, "courts 'must decline to exercise . . . discretion [to recognize a *Bivens* remedy] where "special factors counsel[] hesitation" in doing so.'" *Gerlich v. DOJ*, 659 F. Supp. 2d 1, 9 (D.D.C. 2009) (citations omitted). "One 'special factor' that precludes creation of a *Bivens* remedy is the existence of a comprehensive remedial scheme." *Wilson v. Libby*, 535 F.3d 697, 705 (D.C. Cir. 2008) (citation

omitted). Even if the CAA did not provide the exclusive judicial basis for relief, it is clearly a comprehensive scheme which permits congressional employees to redress discriminatory and retaliatory injuries sustained during employment. *See, e.g.*, *Hensley v. Office of Architect of the Capitol*, 806 F. Supp. 2d 86, 92-93 (D.D.C. 2011) (holding that CAA, like its antecedent Title VII, is "an adequate, comprehensive procedural and remedial scheme" barring a *Bivens* remedy); *Tull v. Office of Architect of the Capitol*, 806 F. Supp. 2d 80, 85-86 (D.D.C. 2011) (same).

Plaintiff's citation to the Supreme Court's decision in *Davis v. Passman*, 442 U.S. 228 (1979) is unavailing. Although the Court in *Davis* recognized the availability of a Fifth Amendment *Bivens* claim to redress discrimination in the federal employment context, this recognition predated passage of the CAA and, therefore, was founded on the lack of any explicit statutory remedies addressing discrimination in that context. *Id.* at 248. Indeed, the Court recognized that its decision would be impacted by a congressional act. *Id.*; *see also Malesko*, 534 U.S. at 70 (noting that holding in *Davis* was predicated on the lack of "*any alternative remedy* for harms caused" (emphasis in original)). The subsequent passage of the CAA effectively limits the precedential value of *Davis* in today's statutory landscape.[4]

---

[4] Plaintiff's citation to the Supreme Court's decision in *Wilkie v. Robbins* is likewise unpersuasive. *See Opposition* [#21] at 5. Although Plaintiff references the Court's opinion in support of the proposition that a *Bivens* remedy should exist unless a statutory provision expressly precludes it, the holding in *Wilkie* does not support that characterization. Rather, the Court declined to recognize a *Bivens* remedy although it found that the applicable law did not "plainly answer no to the question whether [the plaintiff] should have it." *Wilkie*, 551 U.S. at 554.

Regardless that *Bivens* and its early progeny subjected federal officials to individual liability for specific constitutional violations, the Court's "more recent decisions have responded cautiously to suggestions that *Bivens* remedies be extended into new contexts." *Schweiker v. Chilicky*, 487 U.S. 412, 421 (1988); *see also Iqbal*, 129 S. Ct. at 1948 (noting that "implied causes of actions are disfavored"). For example, in *Bush*, the Supreme Court declined to extend *Bivens* to a First Amendment claim raised by an Executive Branch employee because the conduct at issue was governed by various legislation, executive orders, and detailed regulations. *Bush*, 462 U.S. at 368, 385. Specifically, because "[f]ederal servants [in this context] are now protected by an elaborate, comprehensive scheme that encompasses substantive provisions for forbidding arbitrary action by supervisors and procedures – administrative and judicial – by which improper action may be redressed," the Court did not "permit a federal employee to recover damages from a supervisor who ha[d] improperly disciplined him for exercising his First Amendment rights." *Id.* at 385, 390.

Clearly in this case, the comprehensive administrative and judicial measures available to Plaintiff pursuant to the CAA preclude a *Bivens* remedy for the conduct alleged to have been committed by Defendants Hastings and Turner. Therefore, the court finds that Plaintiff has failed to state claims upon which relief can be granted against these Defendants.

### IV. Conclusion

For the reasons stated above, IT IS SO ORDERED:

(1) Defendant Turner's Motion to Dismiss is **GRANTED**;

(2) Defendant Hastings' Motion to Dismiss is **GRANTED**; and

(3) The claims asserted against these Defendants are **DISMISSED with prejudice** and the caption shall be amended accordingly.

Dated: February 14, 2012

*/s/ Barbara J. Rothstein*

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE